**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **JERRY LEWIS DEDRICK,** | ) |
| | ) |
|     **Petitioner,** | ) |
| | ) |
| v. | )   CIV-05-1131-R |
| | ) |
| **JOSEPH SCIBANA, Warden,** | ) |
| | ) |
|     **Respondent.** | ) |

**O R D E R**

Before the Court are the Report and Recommendation of United States Magistrate Judge Doyle W. Argo entered October 4, 2005, and Petitioner's Objection filed October 12, 2005. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation de novo in light of Petitioner's Objection.

Petitioner argues that the Bureau of Prisons' interpretation of 18 U.S.C. § 3624(b)1) in its Program Statement § 5880.28 is inconsistent with Congressional intent as expressed in H.R. 3072 and because "nothing in the legislative history suggest [sic] that Congress intended to 'abandon' the long-standing practice of awarding good conduct time credit based on the sentence imposed." Petitioner further argues that Section 3624(b)(1) creates a liberty or property interest and that the Bureau of Prisons Program Statement § 5880.28 deprives Petitioner of that interest without due process, in violation of Petitioner's Fifth and Fourteenth Amendment rights.

The argument that nothing in either the language of Section 3624(b)(1) or its legislative history suggests that Congress intended to change its prior practice of awarding good time credits based upon the sentence imposed was addressed and soundly rejected by the Fourth Circuit as follows:

> We disagree. Although Congress was mainly concerned with simplifying the computation of GCT under the prior statute, the new law ended the practice of awarding credit "beginning on the day on which the sentence commences to run[.]" 18 U.S.C. § 4161 (repealed). In the current statute, Congress directs the BOP to award credit "beginning at the end of the first year of the term [.]" 18 U.S.C. § 3624(b)(1) (emphasis added). This revision of the statute is consistent with the view, contrary to that advanced by Yi, that Congress intended to replace the practice of computing GCT according to the sentence imposed with a system that rewards inmates retrospectively "at the end of each year" for compliance with disciplinary regulations "during that year." 18 U.S.C. § 3624(b)(1).
>
> Yi v. Federal Bureau of Prisons, 412 F.3d 526, 533-34 (4th Cir. 2005) (footnote omitted).

The Fourth Circuit in Yi v. Federal Bureau of Prisons then concluded, like other circuit courts have concluded, that 18 U.S.C. § 3624(b)(1) is ambiguous and that the legislative history does not remove the ambiguity. Yi v. Federal Bureau of Prisons, 412 F.3d at 534, citing Perez-Olivio v. Chavez, 394 F.3d 45, 50 (1st Cir. 2005) and Pacheco-Camacho v. Hood, 272 F.3d 1266, 1268 (9th Cir. 2001), cert. denied, 535 U.S. 1105, 122 S.Ct. 2313, 152 L.Ed.2d 1067 (2002). The Fourth Circuit then applied the analysis in Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843-44, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) and concluded that the Bureau of Prisons' construction of Section 3624(b)(1) in Program Statement § 5880.28 is reasonable and deferred to it. Yi v. Federal

Bureau of Prisons, 412 F.3d at 534. The Court agrees with the Fourth Circuit's decision in Yi, and the Eleventh's Circuit's decision in Brown v. McFadden, 416 F.3d 1271 (11th Cir. 2005) and with the numerous other circuit decisions cited by the Magistrate Judge. See Report and Recommendation at pp. 5-8. "[T]he *mere opportunity* to earn good-time credits" is not a "constitutionally cognizable liberty interest sufficient to trigger the protection of the Due Process Clause," Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995), cert. denied, 517 U.S. 1196, 116 S.Ct. 1690, 134 L.Ed.2d 791 (1996) and, in any event, because the Bureau of Prisons's interpretation of 18 U.S.C. §3624(b)(1) is reasonable, Petitioner has not shown that he has been deprived of a liberty or property interest.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge is ADOPTED in its entirety and the petition of Jerry Lewis Dedrick for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED.

**IT IS SO ORDERED this 19th day of October, 2005.**

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE